# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT STRANGE,** | § <br> § | |
| **Plaintiff,** | § <br> § | |
| **v.** | § <br> § | **Civil Action No. 4:23-cv-00796** |
| **U.S. BANK TRUST COMPANY, N.A.,** | § <br> § | |
| **Defendant.** | § <br> § <br> § | |

---

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

## UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE

---

**Please restate the instruction before furnishing the information.**

1.  **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    Counsel for Plaintiff – Robert C. Vilt – and counsel for Defendant – Vincent J. Hess – conferred by telephone and email on May 23-24, 2023.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    None.

3.  **Specify the allegation of federal jurisdiction.**

    Diversity jurisdiction, 28 U.S.C. § 1332.

4.  **Name the parties who disagree and the reasons.**

    None.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    None.

6. **List anticipated interventions.**

None.

7. **Describe class-action issues.**

None.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The Parties agree to serve their initial disclosures on or before June 5, 2023.

9. **Describe the proposed agreed discovery plan, including:**

A. **Responses to all the matters raised in Rule 26(f).**

The Parties agree to serve their initial disclosures on or before June 5, 2023.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendant in about June 2023.

C. **When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates sending interrogatories to Plaintiff in about July 2023.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff does not anticipate taking depositions in this matter.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of Plaintiff no earlier than thirty (30) days after Defendant's written discovery to Plaintiff is returned. Defendant reserves the right to depose other witnesses as discovery progresses.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff does not anticipate designating experts in this matter with the exception of his legal counsel regarding reasonable and necessary attorneys' fees. Defendant will be able to designate experts and provide reports by November 1, 2023.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff will take the depositions of any experts prior to the close of discovery.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendant will take the depositions of any experts prior to the close of discovery.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

None.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

January 15, 2024.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The Parties are discussing potential loan relief options regarding the subject mortgage loan.

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

The Parties are discussing potential loan relief options regarding the subject mortgage loan.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The Parties think that mediation would be suitable at an agreed-upon date and with an agreed-upon mediator following discovery. The Parties propose that they select a mediation date and a mediator after they have conducted some discovery.

16. **Magistrate judges may now hear jury and non jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The Parties do not agree to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

No jury demand has been made.

18. **Specify the number of hours it will take to present the evidence in this case.**

The Parties estimate that it will take approximately two (2) days to present the evidence in this case.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

No motions are pending.

20. **List other motions pending.**

No motions are pending.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

Defendant: This is at least the third lawsuit Plaintiff has filed concerning the subject mortgage loan that seeks to preclude a foreclosure sale.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    A.    <u>**Counsel for Plaintiff**</u>

        **Robert C. Vilt**
         Texas Bar No. 00788586
         Southern District No. 20296
        VILT LAW, P.C.
        5177 Richmond Avenue, Suite 1142
        Houston, Texas 77056
        Telephone: (713) 840-7570
        clay@viltlaw.com

    B.    <u>**Counsel for Defendant**</u>

        **Robert T. Mowrey (Attorney-in-Charge)**
         State Bar No. 14607500
         Southern District No. 9529
         rmowrey@lockelord.com
        **Vincent J. Hess**
         State Bar No. 09549417
         Southern District No. 20194
         vhess@lockelord.com
        **Matthew H. Davis**
         State Bar No. 24069580
         Southern District No. 1124612

mdavis@lockelord.com
**Camille Griffith**
  State Bar No. 24034761
  Southern District No. 3196277
  camille.griffith@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone:  (214) 740-8000
Facsimile:  (214) 740-8800

Respectfully submitted,

| | |
|---|---|
| /s/ *Robert C. Vilt with permission* | /s/ *Vincent J. Hess* |
| **Robert C. Vilt** | **Robert T. Mowrey (Attorney-in-Charge)** |
|   Texas Bar No. 00788586 |   State Bar No. 14607500 |
|   Southern District No. 20296 |   Southern District No. 9529 |
| VILT LAW, P.C. |   rmowrey@lockelord.com |
| 5177 Richmond Avenue, Suite 1142 | **Vincent J. Hess** |
| Houston, Texas 77056 |   State Bar No. 09549417 |
| Telephone:  (713) 840-7570 |   Southern District No. 20194 |
| clay@viltlaw.com |   vhess@lockelord.com |
| **ATTORNEY FOR PLAINTIFF** | **Matthew H. Davis** |
| |   State Bar No. 24069580 |
| |   Southern District No. 1124612 |
| |   mdavis@lockelord.com |
| | **Camille Griffith** |
| |   State Bar No. 24034761 |
| |   Southern District No. 3196277 |
| |   camille.griffith@lockelord.com |
| | LOCKE LORD LLP |
| | 2200 Ross Avenue, Suite 2800 |
| | Dallas, Texas 75201-6776 |
| | Telephone:  (214) 740-8000 |
| | Facsimile:  (214) 740-8800 |
| | **ATTORNEYS FOR DEFENDANT** |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on this the 24th day of May, 2023, via ECF on the following counsel of record pursuant to the Federal Rules of Civil Procedure:

**Robert C. Vilt**
VILT LAW, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
clay@viltlaw.com

/s/ *Vincent J. Hess*
Counsel for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT STRANGE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00796** |
| | § | |
| **U.S. BANK TRUST COMPANY, N.A.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## SCHEDULING ORDER

1.   Trial:  Estimated time to try: _2__ days.          ☒ Bench     ☐ Jury

2.   New parties must be joined by:  July 1, 2023.
     *Furnish a copy of this scheduling order to new parties.*

3.   The plaintiff's experts will be named with a report furnished by:  October 1, 2023

4.   The defendant's experts must be named with a report furnished by:  November 1, 2023

5.   Discovery must be completed by:  January 15, 2024
     *Counsel may agree to continue discovery beyond the deadline, but there
     will be no intervention by the Court. No continuance will be granted
     because of information acquired in post-deadline discovery.*

6.   Dispositive Motions will be filed by:  March 15, 2024
     Responses due by:  April 5, 2024

7.   Non-Dispositive Motions will be filed by:  March 15, 2024

********************* The Court will provide these dates. *********************

8.   Joint pretrial order is due:
     *The plaintiff is responsible for filing the pretrial order on time.*

9.   Final Pretrial Conference is set for **1:30 PM** on:

10.  Trial is set for **9:00 AM** on:
     *The case will remain on standby until tried.*

133201470v.1