IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ROBERT STRANGE,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | **CIVIL ACTION NO. 4:23-cv-00796** |
| § | |
| **U.S. BANK TRUST COMPANY, N.A.,** § | |
| § | |
| *Defendant*. § | |

**DEFENDANT'S REPLY IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

In his Response to Defendant's Motion for Summary Judgment, Plaintiff asserts new arguments unrelated to his Complaint. The Response relies heavily on Plaintiff's Proposed Amended Complaint, introduced in Plaintiff's Motion for Leave to Amend Pleadings ("Motion for Leave") (Doc. 18). Plaintiff's Motion for Leave was filed *after* Trustee Bank's Motion for Summary Judgment (the "Motion") in an attempt to save Plaintiff's case by asserting a new and unsupported theory involving an acceleration that allegedly occurred on June 03, 2008. (Doc. No. 17 p. 2). This new theory is not properly before the Court and should not be considered as the Court evaluates the Motion for Summary Judgment. Plaintiff's attempt to amend his pleadings through the Response and reinvent his theory of this case after Trustee Bank dedicated significant time and resources drafting the Motion should be denied. For the reasons set forth in more detail below and in the Motion, the Court should grant summary judgment in Defendant's favor.

## I. ARGUMENT

### A. Plaintiff has not pled his statute of limitations theory

Plaintiff argues, for the first time, that the loan was accelerated in 2008.[1] He references his Proposed Amended Complaint, which is not a live pleading, and alleges that the underlying mortgage loan debt is void because the statute of limitations has expired. Plaintiff's new acceleration theory is outside the Complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009) (holding that a properly pleaded complaint must give "fair notice of what the claim is and the grounds upon which it rests"). Therefore, Plaintiff's argument that the loan was accelerated in 2008 is not properly before the Court and the Court need not address it. *See Cutrera v. Bd. of Sup'rs of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."); *Sims v. City of Madisonville*, 894 F.3d 632, 643 (5th Cir. 2018) (affirming district court's refusal to consider unpled factual theory of liability raised for the first time in a summary judgment response).

### B. Plaintiff's Response Fails To Address The Fatal Defects In His Claim For Declaratory Judgment

Plaintiff's Response does not address the declaratory judgment claim relating to the foreclosure notices pled in the live Complaint. Moreover, Plaintiff implicitly admits his claim for declaratory judgment is defective by abandoning the original claim and incorporating a new statute of limitations theory while attempting to save his case via amendment. Because there is no fact issue as to this claim, Trustee Bank is entitled to summary judgment.

---

[1] Notably, Plaintiff does not attach evidence of notice of default, notice of intent to accelerate, and notice of acceleration to establish an actual acceleration in 2008. And, Trustee Bank previously explained how any 2007 acceleration was abandoned. (*See* Doc. 16 at p. 6-8).

### C. Plaintiff's Tort Claims Are Barred by the Economic Loss Rule

Plaintiff offers no support for his argument that his fraud in the inducement and fraud by nondisclosure claims are not barred by the economic loss rule. He fails to explain how his alleged injury does not arise solely from his mortgage loan agreement. Additionally, he fails to rebut the argument that any alleged oral representation on which Plaintiff claims he relied is expressly contradicted by the Deed of Trust. *See DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858-59 (Tex. App.—Houston [14th Dist.] 2003, pet denied). The economic loss rule precludes recovery on either claim.

### D. Plaintiff's Breach Of Contract Claim Fails

Plaintiff's claim that his breach of contract claim should survive summary judgment because he was in "good standing" on his loan contradicts the summary judgment evidence. Regardless, Plaintiff fails to address the missing causation and damages elements of his breach of contract claim. Nor does Plaintiff dispute that the statute of frauds is fatal to this claim. As such, Plaintiff's breach of contract claim fails for the reasons stated in the Motion for Summary Judgment.

### E. Plaintiff's Promissory Estoppel Claim Fails

Plaintiff fails to address Trustee Bank's argument that promissory estoppel would only be available here if the promise involved was a promise to sign an existing, written agreement. *See Gordon v. JPMorgan Chase Bank, N.A.*, 2013 WL 49587, at *4 (5th Cir. Jan. 3, 2013) ("Where, as here, an oral promise is barred by the statute of frauds, to show promissory estoppel the promisor must have promised to sign a written document that would satisfy the statute of frauds."). In his attempt to explain why his promissory estoppel claim should survive, Plaintiff actually confirms that the representations at issue are barred by the statute of frauds. Plaintiff

argues that he can assert a promissory estoppel claim despite the contract between the parties because "the topic is a separate stand-alone agreement" to "defer Plaintiff's mortgage payment obligations as a result of Covid-19 and to restructure the mortgage loan ... not a modification of the existing written mortgage loan agreement". Response at ¶27-28. In other words, Plaintiff argues that the parties entered an oral agreement to modify the loan documents or orally created a new contract related to the Property—placing the promissory estoppel claim squarely within the statute of frauds and dooming Plaintiff's claim. Plaintiff does not contend that Trustee Bank reneged on a promise to sign a loan modification agreement that was already in existence at the time of the promise. (*See generally* the Complaint.). Therefore, Plaintiff's claim fails.

## II. CONCLUSION

Plaintiff's live pleading has no viable claims against Trustee Bank. Accordingly, Trustee Bank is entitled to summary judgment that Plaintiff take nothing against it. Trustee Bank respectfully requests that the Court grant its Motion and grant Trustee Bank all other relief to which it is entitled.

Respectfully submitted,

*/s/ Camille Griffith*
**Robert T. Mowrey**
Texas Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Vincent J. Hess**
Texas Bar No. 09549417
S.D. Bar No. 20194
vhess@lockelord.com
**Camille Griffith**
Texas Bar No. 24034761
S.D. Bar No. 3196277
camille.griffith@lockelord.com

>L<small>OCKE</small> L<small>ORD</small> LLP
>2200 Ross Avenue, Suite 2800
>Dallas, Texas 75201
>Telephone: (214) 740-8000
>Facsimile: (214) 740-8800
>
>**B. David L. Foster – Attorney-in-Charge**
>Texas Bar No. 24031555
>S.D. Bar No. 35961
>dfoster@lockelord.com
>L<small>OCKE</small> L<small>ORD</small> LLP
>300 Colorado Street, Suite 2100
>Austin, Texas 78701
>Telephone: (512) 305-4700
>Facsimile: (512) 305-4800
>
>**COUNSEL FOR TRUSTEE BANK**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via ECF and/or email* pursuant to the Federal Rules of Civil Procedure on this 1st day of September, 2023:

Robert C. Vilt
Texas Bar No. 00788586
V<small>ILT</small> L<small>AW</small>, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Telephone: (713) 840-7570
Telecopier: (713) 877-1827
Email: clay@viltlaw.com

*Counsel for Plaintiff*

>*/s/ Camille Griffith*
>Counsel for Trustee Bank