## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ROBERT STRANGE,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00796** |
| | § | |
| **U.S. BANK TRUST COMPANY, N.A.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

U.S. Bank Trust Company, N.A ("Defendant") files its response to Plaintiff's First Amended Complaint (Doc. 19) (the "Amended Complaint") as follows:

### PARTIES

1.      Defendant lacks sufficient information with which to either admit or deny the allegation in Paragraph 1 of the Amended Complaint.  To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Amended Complaint.

2.      Defendant admits the allegations in Paragraph 2 of the Amended Complaint.

### JURISDICTION AND VENUE

3.      Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

### RELEVANT FACTS

4.      Defendant admits the subject matter of this lawsuit is the real property and improvements thereon located at 1310 Riverview Circle, Houston, TX 77077 (the "Property"). Defendant lacks sufficient information with which to either admit or deny the allegation in Paragraph 4 of the Amended Complaint.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      In response to the allegations in Paragraph 5 of the Amended Complaint, Defendant admits only that Exhibit 1 to the Amended Complaint speaks for itself.

6.      Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendant denies the allegations in Paragraph 7 of the Amended Complaint

8.      Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

9.      Defendant denies the allegations in Paragraph 9 of the Amended Complaint.

10.     In response to the allegations in Paragraph 10 of the Amended Complaint, Defendant admits only that Exhibit 3 to the Amended Complaint speaks for itself.

**AGENCY & RESPONDEAT SUPERIOR**

11.      Defendant denies the allegations in Paragraph 11 of the Amended Complaint.

**FIRST CAUSE OF ACTION:
DECLARATORY JUDGMENT**

12.     Defendant incorporates by reference each of its responses contained in the Paragraphs 1–11, above.

13.     In response to Paragraph 13 of the Amended Complaint, Defendant admits only that Plaintiff requests the relief stated, but denies that Plaintiff is entitled to that relief or any relief.

**SECOND CAUSE OF ACTION: COMMON LAW FRAUD
FRAUD IN THE INDUCEMENT OR FRAUD BY NONDISCLOSURE**

14.      Defendant incorporates by reference each of its responses contained in the Paragraphs 1–13, above.

15.     Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Defendant denies the allegations in Paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

19.     Defendant denies the allegations in Paragraph 19 of the Amended Complaint.

20.     Defendant denies the allegations in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Amended Complaint.
Defendant further denies Plaintiff is entitled to any of the relief he seeks.

## THIRD CAUSE OF ACTION:
## BREACH OF CONTRACT

23.     Defendant incorporates by reference each of its responses contained in the
Paragraphs 1–22, above.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint,
including sub-paragraphs A through E thereunder.

## FOURTH CAUSE OF ACTION:
## PROMISSORY ESTOPPEL

25.     Defendant incorporates by reference each of its responses contained in the
Paragraphs 1–24, above.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint,
including sub-paragraphs A through D thereunder.

## DAMAGES:
## ACTUAL DAMAGE

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.
Defendant further denies Plaintiff is entitled to any of the relief he seeks.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.
Defendant further denies Plaintiff is entitled to any of the relief he seeks.

## EXEMPLARY DAMAGES

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint. Defendant further denies Plaintiff is entitled to any of the relief he seeks.

## ATTORNEYS' FEES

30.     Defendant denies that the Plaintiff is entitled to the relief requested in Paragraph 29 of the Amended Complaint or any other relief.

## CONDITIONS PRECEDENT

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

## PRAYER

Defendant denies each and every allegation not expressly admitted, qualified, or otherwise pleaded herein, including, but not limited to, those contained in headings, exhibits, and the prayer for relief. Defendant further denies Plaintiff is entitled to any of the relief he seeks.

## DEFENSES

In addition to its general denial, Defendant asserts the following defenses without conceding which party bears the burden of proof on such defenses:

1.     Plaintiff has failed to state a claim against Defendant for which relief can be granted.

2.     Plaintiff's claims against Defendant are barred by the doctrines of waiver, estoppel, and unclean hands.

3.     Plaintiff's claims are barred by the terms and conditions of the Loan contract.

4.     Plaintiff's damages, if any, were caused in whole or in part by Plaintiff, including but not limited to his failure to comply with the terms of his Loan, including any forbearance relating thereto.

5.      Plaintiff's claims are barred, in whole or in part, for failure to allege and prove all condition(s) precedent to recovery, including, but not limited to, failure to tender.

6.      Plaintiff's claims are barred in whole or in part by his failure to mitigate his damages, if any.

7.      Plaintiff's claims are barred in whole or in part by the doctrines of equitable subrogation, contractual subrogation, and/or quasi-contractual subrogation.

8.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breach of contract.

9.      Plaintiff's claim for attorney's fees is barred because Plaintiff has not asserted, and cannot prevail on, any causes of action that would support an award of attorney's fees. Defendant also reserves the right to challenge the reasonableness and necessity of any attorney's fees.

10.      Plaintiff's claims are barred, in whole or in part, by the savings clause in the applicable contracts.

11.      Plaintiff's claims are barred, in whole or in part, by the statute of frauds, merger doctrine, and parol evidence.

12.      Plaintiff's claims and damages are subject to and/or barred by the terms of any relevant and applicable contracts and agreements, as well as the economic loss doctrine.

13.      Plaintiff's claims and causes of action fail based on the tolling of statute of limitations and/ or rescission, and/or abandonment of any prior acceleration of the maturity of the subject note.

14.      Plaintiff's claims and causes of action are barred in whole or in part by res judicata.

15.      Plaintiff's claims and causes of action are barred in whole or in part by judicial estoppel.

16.     Plaintiff's claims and causes of action are barred in whole or in part by proportionate responsibility.

In addition to the defenses set forth above, Defendant reserves the right to raise any additional defenses it may have or may discover as to Plaintiff's claims in this lawsuit.

## ATTORNEYS' FEES AND COURT COSTS

Defendant seeks its attorneys' fees, costs, and expenses in this litigation. Defendant is entitled to recover from Plaintiff the attorneys' fees, costs, and expenses that it has incurred, and will continue to incur, in enforcing its rights and remedies under the pertinent loan documents. A party may recover attorneys' fees when such recovery is provided for in a statute or contract. *See Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 95 (Tex. 1999); *Travelers Indem. Co. of Conn. V. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). In this case, Defendant is entitled to recover its attorneys' fees, costs, and expenses incurred in this litigation pursuant to the subject note and Deed of Trust. Defendant also seeks all such other and further relief, at law or in equity, to which it may be justly entitled.  Defendant reserves the right to file a counterclaim for foreclosure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court, upon final hearing hereof, render a judgment that Plaintiff take nothing by way of his claims against Defendant, that this action be dismissed with prejudice, and that Defendant recovers its attorneys' fees and costs and have all other relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

*/s/ Camille Griffith*
**Robert T. Mowrey**
Texas Bar No. 14607500
S.D. Bar No. 9529
rmowrey@lockelord.com
**Camille Griffith**
Texas Bar No. 24034761
S.D. Bar No. 3196277
camille.griffith@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**B. David L. Foster – Attorney-in-Charge**
Texas Bar No. 24031555
S.D. Bar No. 35961
dfoster@lockelord.com
**LOCKE LORD LLP**
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**COUNSEL FOR TRUSTEE BANK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record *via ECF and/or email* pursuant to the Federal Rules of Civil Procedure on this 1st day of April 2024:

> Robert C. Vilt
> Texas Bar No. 00788586
> VILT LAW, P.C.
> 5177 Richmond Avenue, Suite 1142
> Houston, Texas 77056
> Telephone: (713) 840-7570
> Telecopier: (713) 877-1827
> Email: clay@viltlaw.com

> ***Counsel for Plaintiff***

/s/ Camille Griffith
Counsel for Trustee Bank