United States District Court
Southern District of Texas
**ENTERED**
May 14, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT STRANGE., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-796 |
| | § | |
| | § | |
| U.S. BANK TRUST COMPANY, N.A., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Defendant U.S. Bank National Association, as Trustee for MASTR Asset Backed Securities Trust 2006-HE2, Mortgage Pass-Through Certificates, Series 2006-HE2 ("U.S. Bank" or "Defendant") filed a Motion for Summary Judgment seeking summary judgment on all of Plaintiff Robert Strange's ("Plaintiff" or "Strange") claims against it. (Doc. No. 15). Upon considering the motion, response thereto, and reply thereto, the Court hereby GRANTS Defendant's motion. (Doc. No. 15).

## I.   Background

This case involves the real property located at 1310 Riverview Circle, Houston, Texas 77077 ("the Property") and Plaintiff's efforts to prevent Defendant's foreclosure of the Property. Plaintiff and his wife purchased the Property in December of 2005. The initial lender was Fremont Investment & Loan. The Note and Deed of trust were subsequently transferred to Defendant U.S. Bank, and Wells Fargo Bank, N.A. ("Wells Fargo") serves as the loan servicer.

Plaintiff alleges that during the COVID-19 pandemic, Plaintiff began facing financial difficulties and contacted Wells Fargo to pursue loss mitigation options. Plaintiff alleges that

U.S. Bank then granted him a COVID-10 Forbearance and "**promised him that the debt would be restructured once the forbearance period expired**." (Doc. No. 19 at 2) (emphasis added). According to Plaintiff, after the forbearance period expired, he reached back out to Wells Fargo to see when his payments would resume. At this point, U.S. Bank allegedly informed him that it would no longer approve loan modifications related to COVID-19 forbearances and that he was required to pay the total amount of the arrearages in one lump sum or face foreclosure. (*Id.*). Plaintiff alleges that, soon thereafter, U.S. Bank simply posted the Property for foreclosure sale without sending proper notice.

U.S. Bank contends that Plaintiff defaulted on his payment obligations and is currently due for his September 1, 2013 payment and all subsequent payments. (Doc. No. 15 at 4). According to U.S. Bank, Wells Fargo sent Plaintiff a Notice of Default on August 5, 2019 that provided Plaintiff notice of its intent to accelerate if the default was not cured. Several months later, after Plaintiff failed to cure the default, U.S. Bank sent Plaintiff a Notice of Acceleration on May 16, 2019. While U.S. Bank acknowledges that Plaintiff's mortgage payments were suspended for a six-month forbearance period from December 2021 to May 2022, U.S. Bank disputes that there was ever any agreement or "promise" to restructure the debt. (Doc. No. 15 at 4).

The foreclosure was to take place on February 7, 2023. Plaintiff filed this lawsuit in state court on January 31, 2023. Plaintiff asserted four claims: (1) declaratory judgment based on alleged violations of the Texas Property Code and Deed of Trust, (2) common-law fraud/fraud in the inducement, (3) breach of contract, and (4) promissory estoppel. (Doc. No. 1). Plaintiff then filed an amended complaint (Doc. No. 19) specifically seeking declaratory judgment based upon

a theory that Defendant's underlying lien is no longer enforceable because of the expiration of the statute of limitations.

In the present motion, Defendant moves for summary judgment on all of Plaintiffs' original claims except for Plaintiff's new declaratory judgment claim based on the statute of limitations. The statute of limitations issue is not yet ripe for ruling, as the parties are conducting discovery on the issue. *See* (Doc. Nos. 34, 35).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party

thinks are relevant. *Malacara*, 353 F.3d at 405. It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III.   Analysis

As noted, U.S. Bank moves for summary judgment on Plaintiff's claims for (1) declaratory judgment based on alleged violations of the Texas Property Code and Deed of Trust, (2) common-law fraud/fraud in the inducement, (3) breach of contract, and (4) promissory estoppel. In Plaintiff's amended complaint, however, Plaintiff abandoned his claims for declaratory judgment based on alleged violations of the Texas Property Code and Deed of Trust. Instead, the *only* theory asserted by Plaintiff for declaratory judgment is based upon the alleged expiration of the statute of limitations. Thus, the Court hereby GRANTS U.S. Bank's motion for summary judgment on Plaintiff's claims for declaratory judgment based on alleged violations of the Texas Property Code and Deed of Trust because Plaintiff abandoned these claims. *See Szymczyk v. Alliance: Texaco/Houston Advanced Research Ctr.*, 239 F.3d 366, (5th Cir. 2000) ("Szymczyk abandoned these claims when she failed to plead them in her amended and final complaint") (citing Tex. R. Civ. P. 65). The Court will address the remaining claims in turn.

#### A.  Fraud

First, U.S. Bank contends that no genuine issue of fact exists to support Plaintiff's fraud claims. Plaintiff asserts fraud claims based on U.S. Bank's alleged promise to modify his loan. The elements of a fraud claim are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *Flaherty & Crumrine Preferred Income Fund, Inc.*, 565 F.3d 200, 212 (5th Cir. 2009).

U.S. Bank provides two arguments for why Plaintiff's fraud claims fail as a matter of law. First, U.S. Bank argues that the statute of frauds bars recovery based on the alleged promise to modify. Modifications to loans exceeding $50,000 are subject to the statute of frauds. *Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 571 (S.D. Tex. 2012) (generally, "[t]he statute of frauds bars and makes unenforceable oral modifications to a loan agreement under § 26.02[.]") (internal quotation marks omitted); Tex. Bus. & Com. Code § 26.02(b). This loan involves $539,910.00. (Doc. No. 15-1 at 3). An agreement to modify an existing loan agreement is subject to the statute of frauds because "a loan agreement includes agreements to 'delay repayment of money' or 'to otherwise extend credit to make a financial accommodation.'" *Deuley v. Chase Home Fin. LLC*, Civ. No. H-05-04253, 2006 U.S. Dist. LEXIS 28417, at *8 (S.D. Tex. Apr. 26, 2006) (citing Tex. Bus. & Com. Code § 26.02(a)(2)). Accordingly, since Plaintiff's claims for fraud are predicated on an alleged oral promise to restructure the existing mortgage loan, U.S. Bank maintains that these claims are barred by the statute of frauds as a matter of law.

Second, U.S. Bank argues that the economic loss doctrine bars recovery on Plaintiff's fraud claims. It argues that Texas courts consistently prohibit tort claims under the economic loss rule if the parties' relationship and attendant duties arise from a contract. *See, e.g.*, *Quintanilla v. K–Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex. 1998). The economic loss rule bars the recovery of damages in tort where the plaintiff does not suffer an injury that is independent and separate from the economic losses recoverable under a breach of contract claim. *See Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 634 (N.D. Tex. 2010). A party can state a tort claim related to a contractual setting only when "the duty allegedly breached is independent of the contractual undertaking and the harm suffered is not merely the economic loss of a contractual benefit."

5

*Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). As such, U.S. Bank contends that Plaintiff's fraud claims are based upon the alleged promise to restructure the debt. The existing Deed of Trust, however, permitted U.S. Bank to foreclose if the Plaintiff was in default (and U.S. Bank's evidence shows that he was in default). *See* (Doc. No. 15, Ex. A-2 at ¶ 22, Ex. A at ¶ 9). Given that Plaintiff's allegations relate to duties under the agreements, and those agreements explicitly contradict Plaintiff's allegations, U.S. Bank contends that Plaintiff's fraud claims are barred by the economic loss doctrine.

In response, Plaintiff does not discuss either the statute of frauds or the economic loss doctrine. Instead, Plaintiff's response on this issue is conclusory, merely arguing that "Plaintiff has demonstrated that a genuine issue of material fact exists regarding this cause of action; therefore, Defendant's Motion for Summary Judgment should be denied." (Doc. No. 22 at 6). Plaintiff cites only to his affidavit, stating that U.S. Bank promised that his mortgage would be restructured once the forbearance period expired.

Upon reviewing the relevant law and summary judgment evidence, the Court agrees with U.S. Bank that the statute of frauds and economic loss doctrine squarely preclude recovery of Plaintiff's fraud claims as a matter of law. Plaintiff has failed to present any evidence that could raise a fact issue in support of these claims. Accordingly, the Court grants summary judgment to U.S. Bank on Plaintiff's fraud claims.

### B. Breach of Contract

Second, U.S. Bank moves for summary judgment on Plaintiff's breach of contract claim. It argues, again, that the statute of frauds bars recovery on the alleged promise to restructure. It also argues that Plaintiff cannot show as a matter of law that performed or tendered performance under the loan, thus precluding recovery. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016). A party that breaches the terms of a contract cannot bring a claim for a

breach of contract. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) ("It is a well-established rule that 'a party to a contract who is himself in default cannot maintain a suit for its breach.'"). A borrower who stops making payments on a mortgage loan materially breaches the mortgage contract and is unable to bring a claim for a breach of the contract. *Smith v. Nat'l City Mortgage, USA*, No. A-09- CV-881 LY, 2010 WL 3338537, at *11–12 (W.D. Tex. Aug. 23, 2010) (dismissing the plaintiffs' breach of contract claim, in part, because of the plaintiffs' failure to make mortgage payments).

In response, Plaintiff argues that "Plaintiff was in good standing on her [sic] mortgage loan as a result of the forbearance agreement which required Defendant to restructure the debt after the forbearance period expired." (Doc. No 22 at 7). Plaintiff does not provide evidence supporting his claim that he was in good standing on his mortgage, and this claim is contradicted by Defendant's evidence that he was in default before the forbearance. Moreover, Plaintiff's claim that the forbearance agreement "required Defendant to restructure the debt" appears to be patently false. The alleged promise to restructure is not supported by writing in the forbearance agreement, nor is it supported by any evidence (other than Plaintiff's own affidavit). Thus, Plaintiff has failed to raise a genuine issue of material fact supporting his breach of contract claim. As such, the Court hereby GRANTS Defendant's motion for summary judgment on this claim.

### C. Promissory Estoppel

Third, U.S. Bank moves for summary judgment on Plaintiff's promissory estoppel cause of action. It argues that, when the statute of frauds is applicable to loan modifications, promissory estoppel may apply "only if the alleged oral promise is a promise to sign an existing document that satisfies the statute of frauds." *Perry v. U.S. Bank, N.A.*, No. CIV.A. H-13-3362, 2014 WL 3407077, at *5 (S.D. Tex. July 9, 2014). Since Plaintiff's allegations do not involve

7

this narrow circumstance, U.S. Bank argues that the statute of frauds bars recovery as a matter of law. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 548 (5th Cir. 2010) ("Under Texas law, promissory estoppel requires that the agreement that is the subject of the promise must comply with the statute of frauds. That is, the agreement must be in writing at the time of the oral promise to sign it.").

In response, Plaintiff argues that the statute of frauds is irrelevant "since the topic is a separate stand-alone agreement for which there was a meeting of the minds and consideration was given[1] ... not a modification of the existing written mortgage loan agreement." (Doc. No. 22 at 8) (ellipses in original). Plaintiff then, inexplicably, quotes his own complaint, which merely articulates the elements of promissory estoppel.

The Court finds that Plaintiff failed to raise a genuine issue of material fact supporting his promissory estoppel claim. First and foremost, Plaintiff's complaint is not evidence. Thus, Plaintiff provides no evidence or case law to support his theory of promissory estoppel or any of the elements of his *prima facie* case. Moreover, even and especially under Plaintiff's characterization of the promise, the statute of frauds squarely covers Plaintiff's allegations. *See Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567 (W.D. Tex. 2012) (alleged oral modification of mortgage loan agreement was barred by Texas's statute of frauds); *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616 (N.D. Tex. 2011) (mortgage servicer's alleged oral promise to allow mortgagors to reinstate note by paying arrearage amount was barred by statute of frauds, where deed of trust and mortgage note did not require acceptance of any partial payments). Finding no genuine issue of material fact in support of Plaintiff's

---

[1] Plaintiff has not articulated what possible additional consideration he believes he gave U.S. Bank in exchange for its alleged promise to restructure.

promissory estoppel claim, the Court GRANTS Defendant U.S. Bank's motion on this cause of action as well.

**IV.    Conclusion**

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment as to all of Plaintiff's claims except for Plaintiff's new declaratory judgment claim based on the statute of limitations issue. *See* (Doc. No. 19). This claim is Plaintiff's sole claim remaining. It is hereby ORDERED.

Signed at Houston, Texas, this **14** day of May, 2024.

Andrew S. Hanen
United States District Judge

9