Case 4:23-cv-00796   Document 58   Filed on 09/29/25 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROBERT STRANGE, § | |
| § | |
| *Plaintiff*, § | |
| VS. § | |
| § | |
| U.S. BANK TRUST COMPANY, N.A., § | CIVIL ACTION NO. 4:23-cv-796 |
| § | |
| *Defendant/Counter-Plaintiff*, § | |
| VS. § | |
| § | |
| LANA STRANGE, § | |
| *Third-Party Defendant.* § | |

**ORDER**

Pending before this Court are two motions for summary judgment. Plaintiff Robert Strange ("Plaintiff" or "Strange") filed his Motion for Summary Judgment, (Doc. No. 46), Defendant responded, (Doc. No. 48), and Plaintiff did not reply. Defendant U.S. Bank Trust Company, N.A. ("Defendant" or "U.S. Bank") also filed its own Motion for Summary Judgment, (Doc. No. 48), Plaintiff and Third-Party Defendant responded, (Doc. No. 50), and Defendant replied, (Doc. No. 51). Having considered the motions, the summary judgment evidence, and the applicable law, Plaintiff's Motion for Summary Judgment is **DENIED**, (Doc. No. 46), and Defendant's Motion for Summary Judgment is **GRANTED**. (Doc. No. 48).

**I.   Background**

This case involves the real property located at 1310 Riverview Circle, Houston, Texas 77077 (the "Property") and Plaintiff's efforts to prevent Defendant's foreclosure of the Property. Plaintiff and his wife, Lana Strange ("Third-Party Defendant"), purchased the Property in December of 2005 by executing a Note and a Deed of Trust, collectively referred to as the Loan. (Doc. No. 46 at 1; Doc. No. 46-1 (Borrower's Adjustable Rate Note); Doc. No. 46-2 (Deed of

Trust)). The Loan, which was in the amount of $539,910, granted the initial lender an interest in the Property to secure repayment. (Doc. No. 46-2 at 4). The Loan also contained an optional acceleration clause. (Doc. No. 48-1 at 27). The initial lender later assigned the Loan to U.S. Bank, for which Wells Fargo Bank acts as the loan servicer. (Doc. No. 46 at 1).

Plaintiff subsequently defaulted on the Loan by failing to make timely payments. (Doc. No. 48-1 at 3). The parties dispute whether Defendant accelerated the Loan in October of 2007. (Doc. No. 46 at 2; Doc. No. 48 at 8). Plaintiff later made payment for less than the full amount of the loan balance, which U.S. Bank accepted on November 2, 2007. (Doc. No. 48-1 at 3, 47–55). Plaintiff again failed to make timely payments on the loan, and on December 17, 2007, U.S. Bank sent Notices of Default to Plaintiff. (Doc. No. 48-1 at 3, 57–72). These Notices of Default informed Plaintiff that the loan was in default and that he owed $34,806.12 on the Loan to make it current. (Doc. No. 48-1 at 3, 57). The Notices also stated that Plaintiff's failure to cure his default would result in acceleration of the Loan. (*Id.*). The summary judgment record does not make clear whether Plaintiff cured this default, but Defendant did accept payments from Plaintiff for less than the entire amount of the Loan between 2010 and 2012. (*Id.* at 4).

It is undisputed that in the following years Plaintiff filed multiple lawsuits and filed bankruptcy related to the foreclosure of this Loan. Plaintiff first filed a lawsuit in Harris County District Court in June of 2008, which halted the foreclosure of the loan through 2009. (Doc. No. 46-5). Next, Plaintiff filed for bankruptcy in October of 2009, which again prevented foreclosure until the bankruptcy case was closed in December of 2011. (Doc. No. 46 at 2–3). To resolve the issue in Plaintiff's bankruptcy case, the parties agreed to modify the Loan resulting in a new principal amount, interest rate, and duration. This agreement was approved by the Bankruptcy Court. (Doc. No. 48 at 12–13). Plaintiff made payments on the loan which were accepted by U.S.

Bank in 2011 and 2012. (Doc. No. 48-1 at 4). After a brief return to the Bankruptcy Court from September 2018 to April 2019, Plaintiff again defaulted on the Loan and again filed a lawsuit in Harris County District Court in an effort to prevent foreclosure in July of 2019. (Doc. No. 48-1 at 4; Doc. No. 46 at 3). That suit was resolved in April of 2020. (Doc. No. 46 at 3). This default continued and after issuing the required notices, Defendant schedule a foreclosure sale in December of 2022, which unsurprisingly was met with the current lawsuit. (Doc. No. 48-1 at 4; Doc. No. 46 at 3).

On January 31, 2023, Plaintiff filed this suit in Harris County District Court, which Defendant then removed to this Court. (Doc. No. 1 at 1). In his original Petition, Plaintiff asserted four claims: (1) declaratory judgment based on alleged violations of the Texas Property Code and Deed of Trust, (2) common-law fraud/fraud in the inducement, (3) breach of contract, and (4) promissory estoppel. (*Id.*) Plaintiff then filed his Amended Complaint specifically seeking declaratory judgment in his favor based upon a theory that Defendant's underlying lien is no longer enforceable because the applicable statute of limitations has expired. (Doc. No. 19). Defendant then also filed its own Counterclaim against Plaintiff and Third-Party Defendant, Lana Strange, asserting claims for judicial foreclosure and attorneys' fees. (Doc. No. 41). In addition to filing its Counterclaim and subsequent Amended Counterclaim, U.S. Bank also accelerated Plaintiff's Loan. (Doc. No. 48 at 5). This Court then granted Defendant's first Motion for Summary Judgment, (Doc. No. 15), and dismissed all of Plaintiff's claims except for the declaratory judgment claim based on the statute of limitations issue, as it was not yet ripe for ruling. (Doc. No. 38). The parties have now conducted discovery on the issue and have filed competing Motions for Summary Judgment that this Court will now address. (Doc Nos. 46 & 48).

## II.     Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location in the record, that the party thinks are relevant. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

## III.    Analysis

Plaintiff has moved for summary judgment on U.S. Bank's foreclosure counterclaim. U.S. Bank has also moved for summary judgment on Plaintiff's declaratory judgment claim on the statute of limitations issue, which is Plaintiff's sole remaining claim. The Court will first address

Plaintiff's Motion and the statute of limitations issue as it informs the resolution of Defendant's Motion.

### A. Plaintiff's Motion for Summary Judgment

In its Motion, Plaintiff argues that the statute of limitations has expired regarding the underlying mortgage loan debt, and so the debt Plaintiff owes to U.S. Bank is void. (Doc. No. 46 at 5–6). Plaintiff alleges that U.S. Bank first accelerated the Loan in October 2007 and did not rescind that acceleration until May 16, 2023, resulting in a time period that well exceeds the applicable four-year statute of limitations. (*Id.* at 5). In response, U.S. Bank disputes that it accelerated the loan in October 2007 and argues that even if it had accelerated the loan at that time, U.S. Bank subsequently abandoned that acceleration before the statute of limitations expired, meaning it can still foreclose on the Loan. (Doc. No. 48 at 8–11). Additionally, U.S. Bank argues that when Plaintiff filed bankruptcy in the intervening time, the bankruptcy resulted in a modified agreement that replaced the 2005 agreement and would have interrupted any limitations period pertaining to that agreement. (*Id.* at 12–13).

Under Texas law, a lender must foreclose on a real property lien "not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(b). When the four-year limitations period expires, "the real property lien and a power of sale to enforce the real property lien become void." *Id.* § 16.035(d). In a case like this, where "a note or deed of trust secured by real property contains an optional acceleration clause, default does not ipso facto start limitations running on the note. Rather, the action accrues only when the [note] holder actually exercises its option to accelerate." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). However, if at any time "the acceleration is abandoned before the limitations period expires, the contract is restored to its original condition thereby restoring the note's original

maturity date." *Ocwen Loan Servicing, L.L.C. v. REOAM, L.L.C.*, 755 F. App'x 354, 356 (5th Cir. 2018). A lender can abandon an acceleration of debt by putting the borrower on notice of its abandonment. *See Boren v. United States Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015). A lender can do so by requesting payment on less than the full amount of the accelerated loan. *Id.* "In other words, if the noteholder informs the borrower that the loan can be brought current by payment of the amount due under the original terms of the loan rather than the full accelerated amount, such notice is sufficient to unequivocally manifest an intent to abandon the previous acceleration" meaning the limitations period ceases to run." *REOAM, L.L.C.*, 755 F. App'x at 357.

The parties dispute whether U.S. Bank accelerated the Loan in October 2007. Plaintiff attaches as summary judgment evidence what it purports to be a notice of acceleration Plaintiff received from Defendant in 2007. (Doc. No. 46-3). However, this evidence has not been proven up as summary judgment evidence. U.S. Bank points out this infirmity in its Motion but argues this is not a material fact. Defendant also argues that even if this was proper summary judgment evidence, Plaintiff still has not established that Defendant legally did accelerate the Loan in October 2007.

In Texas, effective acceleration requires both a notice of intent to accelerate and a subsequent notice of acceleration. *Wilmington Tr., Nat'l Ass'n v. Rob*, 891 F.3d 174, 176 (5th Cir. 2018). "Notice that the debt has been accelerated is ineffective unless preceded by proper notice of intent to accelerate." *Jasper Fed. Sav. & Loan Ass'n v. Reddell*, 730 S.W.2d 672, 674 (Tex. 1987). Plaintiff has only presented summary judgment evidence of a purported notice of acceleration, which would satisfy the second element required under Texas law. Plaintiff has offered no evidence to show that U.S. Bank did in fact also first issue a notice of intent to

accelerate. Plaintiff has failed to provide sufficient summary judgment evidence to show the Loan was accelerated in October of 2007.

Nevertheless, whether or not acceleration occurred in October 2007 is immaterial because U.S. Bank subsequently abandoned any alleged acceleration of the Loan. On December 17, 2007, U.S. Bank sent Plaintiff a notice of default informing him that the loan could be brought current by paying $34,806.12, which was the delinquent amount on the loan, rather than the full accelerated amount of the loan. (Doc. No. 48-1 at 57). This notice also informed Plaintiff that if he failed to cure his default, Defendant would accelerate his Loan. (*Id.*). Under Texas law, this notice was sufficient to "unequivocally manifest an intent to abandon the previous acceleration" by U.S. Bank. This notice stopped the limitations period from running after the purported October 2007 Loan acceleration. *REOAM*, 755 F. App'x at 357; *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) (finding "U.S. Bank's Second Notice of Default," which informed the mortgagees of the amount needed to bring their loan current and that the bank would accelerate the loan if default was not cured "unequivocally manifested an intent to abandon the previous acceleration"); *Clawson v. Ocwen Loan Servicing, LLC*, No. 3:18-CV-00080, 2019 WL 1141526, at *3 (S.D. Tex. Feb. 21, 2019) (holding a notice informing the mortgagee that the loan could be brought current by payment under the original terms of the loan abandoned the previous acceleration and reset the statute of limitations for foreclosure). Therefore, to the extent the Loan had been accelerated in October 2007, the limitations period triggered by that acceleration stopped running and was reset on December 17, 2007.

It is also undisputed that when Plaintiff first came out of bankruptcy in October of 2011, he and Defendant's loan servicer agreed to modify the Loan. (Doc. No. 48 at 12). U.S. Bank's payment history confirms the modification was implemented as the principal balance and monthly

7

payment amounts changed. (Doc. No. 48-1 at 98–100). In the Fifth Circuit, requesting or accepting payments on less than the full amount of the loan puts a debtor on notice of a lender's abandonment of acceleration. *Boren*, 807 F.3d at 106. Following Texas courts and the Fifth Circuit, multiple courts have held that entering into a modification agreement on a Loan abandons any previous acceleration. *Snowden v. Deutsche Bank Nat. Tr. Co.*, No. CIV.A. H-14-2963, 2015 WL 5123436, at * 3 (S.D. Tex. Aug. 31, 2015); *In re Wenstrom*, 649 B.R. 492, 504 (Bankr. N.D. Tex. 2023) ("Federal district courts in Texas have repeatedly found that entry into a loan modification agreement constitutes abandonment of acceleration."). Therefore, The Loan modification during Plaintiff's 2011 bankruptcy proceeding also stopped the limitations period from running.

Plaintiff only argues that Defendant accelerated the loan in October of 2007, and in May of 2023. (Doc. No. 19 at 2–3 (Plaintiff's First Amended Complaint); Doc. No. 46 at 2–4 (Plaintiff's Motion for Summary Judgment)). As noted above, any alleged October 2007 acceleration was abandoned by the notice U.S. Bank sent to Plaintiff and by the Loan modification due to Plaintiff's bankruptcy. With regard to the latter alleged acceleration, the applicable limitations period would not have started running until May of 2023, and it has not expired. As such, Plaintiff's Motion for Summary Judgment on his declaratory judgment claim on the statute of limitations issue is **DENIED**.

### B. Defendant's Motion for Summary Judgment

Defendant also moves for summary judgment on its judicial foreclosure counterclaim against Plaintiff and its third-party claim against Third-Party Defendant. (Doc. No. 48 at 14). U.S. Bank argues that because the statute of limitations has not expired, the Loan debt is valid and has not been paid, and therefore it is entitled to judicial foreclosure. (*Id.*) In his response, Plaintiff simply reiterates his argument that the four-year statute of limitations has caused U.S. Bank's lien

8

on the Property to expire, preventing Defendant's foreclosure. As addressed above, Plaintiff's argument fails as a matter of law.

The Fifth Circuit has stated that Texas law allows a district court to order judicial foreclosure if the movant proves: (1) "a financial obligation"; (2) "the lien securing it"; (3) "a default on the loan"; and (4) "that the property subject to foreclosure is the same property subject to the lien." *Maldonado v. CitiMortgage, Inc.*, 676 F. App'x 282, 284 (5th Cir. 2017). Defendant has established each of the required elements with competent summary judgment evidence.

Robert and Lana Strange each signed the promissory note for $539,910, secured by a mortgage on the Property, which is now subject to foreclosure by U.S. Bank. (Doc. No. 48-1 at 7–13 (promissory note); Doc. No. 48-1 at 15–45 (Deed of Trust securing payment of the note). Plaintiff is in default as evidenced by his failure to make payments on the Loan. (*Id.* at 93–101). Plaintiff was given an opportunity to cure his default but failed to do so. (*Id.* at 57). As of September 9, 2024, the total amount due on the Loan was $1,443,255.01. (*Id.* at 120–23). Plaintiff has not contested any of Defendant's summary judgment evidence nor has he put forth his own summary judgment evidence in response that might raise any issue of material fact. Defendant is therefore entitled to a judicial foreclosure of the Property. Defendant's Motion for Summary Judgment is **GRANTED**.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment, (Doc. No. 46), **GRANTS** Defendant's Motion for Summary Judgment, (Doc. No. 48), and dismisses this civil action with prejudice. A final judgment will be entered separately.

Signed on this the 29th day of September 2025.

Andrew S. Hanen
United States District Judge